UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENIGMA MARKETING & TRAVEL SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:09-cv-0473-DFH-JMS |
| FORETHOUGHT FINANCIAL SERVICES, INC. d/b/a FORETHOUGHT FINANCIAL GROUP, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION TO STAY

Plaintiff Enigma Marketing & Travel Solutions, Inc., has sued defendant Forethought Financial Services, Inc. for breach of contract, unjust enrichment, trademark infringement, and unfair competition. Forethought has asserted similar counterclaims against Enigma. Forethought has also moved to stay this proceeding until the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office rules on Forethought's petition to cancel Enigma's registered trademark. Defendant's motion is denied.

*Summary of Facts*

Forethought, an insurance and financial services company, hired Enigma in 2004 to provide "travel and marketing services" for people who sold Forethought's products. Dkt. No. 26, at 2. Under this arrangement, Enigma

produced promotional materials for a travel rewards program run by Forethought. *Id.* at 2-3. In the course of its work for Forethought, Enigma used the words "Exclusively Forethought" in brochures and other marketing materials. The two parties ended their relationship in 2007.

On April 8, 2008, Enigma filed an application with the U.S. Patent and Trademark Office to register the trademark EXCLUSIVELY FORE THOUGHT. On December 2, 2008, the PTO registered the mark.

With its federally registered mark in hand, Enigma turned back to its former business partner, which was still using the words "Exclusively Forethought" in its promotional materials. In the meantime, according to Enigma, Forethought had also misappropriated two of Enigma's marketing programs and refused to pay Enigma certain fees. Dkt. No. 1, Ex. A, at 1-2. On March 17, 2009, Enigma sued Forethought in Indiana state court for breach of contract and unjust enrichment under Indiana state law, as well as trademark infringement and unfair competition under the federal Lanham Act. *Id.* Forethought removed to this court on April 16, 2009. Dkt. No. 1. On May 22, 2009, Forethought filed a counterclaim asserting similar claims against Enigma. On the same date, Forethought filed with the PTO's Trademark Trial and Appeal Board a petition to cancel Enigma's EXCLUSIVELY FORE THOUGHT trademark. Dkt. No. 26, Ex. A. That petition remains pending before the TTAB.

*Discussion*

Forethought's motion is based on the doctrine of primary jurisdiction. Primary jurisdiction is "really two doctrines." *Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001). Originally, the doctrine barred judicial resolution of a claim "that is within the exclusive original jurisdiction of [a] regulatory agency to resolve." *Id.*; see also *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 63-64 (1956). Primary jurisdiction has also come to justify a stay of proceedings, even when a claim is not committed exclusively to an expert agency, if the agency is in a better position to resolve the claim. *Arsberry*, 244 F.3d at 563.

The validity of a trademark registration does not lie within the exclusive original jurisdiction of the PTO. Congress clearly envisioned that some plaintiffs complaining of trademark infringement or fraud on the PTO would seek relief directly from the federal courts without resorting to the administrative appeals process first. See 15 U.S.C. §§ 1120, 1125.

Nor is trademark validity an issue that merits particular deference to the PTO in the absence of exclusive agency jurisdiction. Although the TTAB has experience adjudicating registration disputes, the federal district courts are also perfectly familiar with the issues involved in those disputes. See *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 853 (2d Cir. 1988) (reversing district court decision declining to decide trademark registration dispute). It would not

-3-

necessarily save time for this court to wait until the TTAB rules on the validity of the EXCLUSIVELY FORE THOUGHT mark's registration.  The TTAB's decision is likely to leave unresolved several questions central to this suit's resolution, including whether Enigma's use of the mark was sufficient to establish ownership rights independent of registration, whether Forethought has infringed any valid Enigma trademark, and whether the parties' remaining claims and counterclaims have merit.  In addition, even the TTAB's swiftest action would provide no relief to a successful petitioner because the TTAB cannot award damages or an injunction.  See *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1164 (9th Cir. 2007); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996).  To obtain the relief they seek, they parties would still need to return to a judicial forum.

The First, Second, and Ninth Circuits have followed this reasoning to conclude that the concerns motivating the primary jurisdiction doctrine do not extend to trademark registration disputes pending before the TTAB.  See *Rhoades*, 504 F.3d at 1163-65 (reversing district court decision deferring to TTAB proceeding); *PHC, Inc.*, 75 F.3d at 79-80 (same); *Goya Foods*, 846 F.2d at 852-54 (same).  District courts in other circuits, including the Seventh Circuit, have followed suit.  See *Spring Air Co. v. Englander Licensing LLC*, 2001 WL 1543510, at *2 (N.D. Ill. Nov. 29, 2001) (collecting cases).  Decisions granting stays are less common and reflect an overly cautious view of the federal courts' familiarity with the issues involved in trademark infringement disputes.  See, *e.g.*, *C-Cure*

-4-

*Chemical Co. v. Secure Adhesives Corp.*, 571 F. Supp. 808, 823 (W.D.N.Y. 1983); *Driving Force, Inc. v. Manpower, Inc.*, 498 F. Supp. 21, 25 (E.D. Pa. 1980).

Finally, citing *Alberta Gas Chemicals, Ltd. v. Celanese Corp.*, 650 F.2d 9 (2d Cir. 1981), Forethought argues that Enigma's registration was fraudulent and that the PTO's "institutional interest in maintaining the integrity of its own proceedings" supports a stay. This analogy is unpersuasive. The *Alberta Gas* court based its decision on the particular circumstances of the case before it. The plaintiff, upset about the defendant's alleged perjury before the International Trade Commission, had sued in federal court for fraud and unfair competition based on that perjury. The court held that the plaintiff was "trying to obtain a reversal of the Commission's ruling without bothering to attempt to utilize other remedies available to it, and we see no reason to countenance such use of the federal courts." *Id.* at 12. Here, there were no administrative remedies available to achieve the goals of Enigma's lawsuit (or Forethought's counterclaim). The TTAB cannot award damages for infringement or issue an injunction. Moreover, a reversal of the PTO's decision to register the EXCLUSIVELY FORE THOUGHT mark would not resolve the issues central to this lawsuit.

The defendant's motion to stay is therefore denied. Defendant's motion for time to respond to plaintiff's amended complaint is hereby granted, and defendant shall respond **no later than January 19, 2010**.

So ordered.

Date: December 21, 2009

_____
DAVID F. HAMILTON, CIRCUIT JUDGE*
*(sitting by designation)

Copies to:

Sara R. Bradbury
LEWIS & KAPPES
sbradbury@lewis-kappes.com

Amie Peele Carter
BAKER & DANIELS - Indianapolis
acarter@bakerd.com

Peter S. French
LEWIS & KAPPES
pfrench@lewis-kappes.com

M. Kristin Glazner
BAKER & DANIELS LLP
kristin.glazner@bakerd.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Stacy L. Prall
BAKER & DANIELS - Indianapolis
stacy.prall@bakerd.com

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com