UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

ENIGMA MARKETING & TRAVEL          )
SOLUTIONS, INC.,                   )
       Plaintiff/Counter-defendant,   )
                                   )
   vs.                             )          1:09-cv-473-RLY-TAB
                                   )
FORETHOUGHT FINANCIAL              )
SERVICES, INC.,                    )
       Defendant/Counter-claimant.   )

**ENTRY ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant/Counter-claimant, Forethought Financial Services, Inc.

("Forethought"), moves the court to dismiss Counts II-VII of the Amended Complaint

brought by Plaintiff/Counter-defendant, Enigma Marketing & Travel Solutions, Inc.

("Enigma"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).  For the

reasons set forth below, Forethought's partial motion to dismiss is **DENIED**.

I.     **Dismissal Standard[1]**

Pursuant to Rule 12(b)(6), a complaint may be dismissed if the plaintiff fails to

state a claim upon which relief may be granted.  The purpose of a motion to dismiss is to

test the sufficiency of the plaintiff's complaint, not to decide the merits of the case.  *See*

---

[1]Forethought also moves for judgment on the pleadings pursuant to Rule 12(c).  The court need not address this alternative motion separately, as the standard of review for a motion for judgment on the pleadings is the same as the standard of review for a motion for dismissal for failure to state a claim.  *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).

*Autry v. Nw. Premium Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).  The court takes

all facts alleged in the complaint as true and draws all reasonable inferences from those

facts in favor of the plaintiff.  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.

2007) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

A complaint must contain a "short and plain statement of the claim showing that

the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  While detailed factual

allegations are not required, the plaintiff's complaint may not merely state "an unadorned,

the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct.

1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at

557).  Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to

relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged[,]"

not when the plaintiff only raises a "sheer possibility that the defendant has acted

unlawfully."  *Id.*

## II.    Factual Background

Enigma is an incentive marketing, conference, and event planning agency.

(Amended Complaint ¶ 2).  Forethought is an insurance and financial planning company

2

focused on retirement and funeral pre-planning.  (*Id.* ¶ 3).  In the early 2000s, Enigma and Forethought entered into a business relationship wherein, among other things, Enigma created, developed, and managed a client valued vender partner incentive program for Forethought, whereby funeral directors, employees, and others who sold Forethought's products could earn travel rewards based on sales.  (*Id.* ¶ 6).

In 2007, Enigma presented a program to Forethought for an incentive trip to Naples, Florida.  (*Id.* ¶¶ 11, 21).  The presentation was comprised of proprietary information belonging to Enigma.  (*Id.* ¶¶ 11, 21, 33).  The presentation contained the following notice:

> This document contains materials and information which Enigma Marketing & Travel Solutions is [sic] confidential, proprietary and significant for the protection of its business.  The distribution of this document or information contained within is limited solely to those parties either actively involved in the evaluation and selection of Enigma Marketing & Travel Solutions as the firm to conduct this travel operation, or those who will be involved with the program described herein.

(*Id.* ¶¶ 11, 21).  Without the knowledge or permission of Enigma, Forethought disclosed the Enigma presentation and information to another incentive marketing company, ADI Meetings and Incentives, Inc. ("ADI").  (*Id.* ¶¶ 12, 21, 34, 46).  Forethought asked ADI to book and produce a program that was virtually identical to the program devised by Enigma.  (*Id.* ¶¶ 12, 21).

Also in 2007, Enigma presented a program to Forethought for a customer entertainment program/junket to Napa Valley, California.  (*Id.* ¶¶ 13, 27).  This program was also comprised of proprietary information belonging to Enigma.  (*Id.* ¶¶ 13, 27, 39).

3

Forethought did not book this program with Enigma, but instead used Enigma's program for its own use and benefit without the consent of Enigma.  (*Id.* ¶¶ 13, 27, 40, 50).

## III.   Discussion

Enigma brings claims against Forethought for unjust enrichment (Counts II and III), misappropriation of trade secrets (Counts IV and V), and conversion (Counts VI and VII).  Forethought argues that these claims should be dismissed for failure to state a claim upon which relief can be granted.  Specifically, Forethought asserts that Enigma's "'bare bones' conclusory claims . . . are not sufficient to survive a motion to dismiss." (Forethought's Moving Brief at 1).

The court disagrees with Forethought's assessment of Enigma's Amended Complaint.  While portions of the Amended Complaint could be described as a "formulaic recitation of the elements of a cause of action," Enigma is not resting solely on unadorned accusations.  Enigma alleges that it had a business relationship with Forethought, that it presented programs comprised of proprietary information to Forethought during the course of that business relationship, and that Forethought misappropriated the programs for its own use without compensating Enigma.  The alleged facts are sufficient to allow the court to draw the reasonable inference that Forethought is liable for unjust enrichment, misappropriation of trade secrets, and conversion.

To the extent that the Amended Complaint lacks specificity as to certain allegations, Forethought nevertheless has fair notice of the claims against it and the grounds upon which those claims rest.  The details of Enigma's claims are "most

4

efficiently learned through the flexible discovery process." *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (citations omitted).  Accordingly, Forethought's partial motion to dismiss is **DENIED**.

## IV.     Conclusion

For the foregoing reasons, Forethought's Partial Motion to Dismiss (Docket # 61) is **DENIED**.


**SO ORDERED** this 23rd day of August 2010.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

Sara R. Bradbury
LEWIS & KAPPES
sbradbury@lewis-kappes.com

Amie Peele  Carter
BAKER & DANIELS - Indianapolis
acarter@bakerd.com

Peter S. French
LEWIS & KAPPES
pfrench@lewis-kappes.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Stacy L. Prall
BAKER & DANIELS - Indianapolis
stacy.prall@bakerd.com

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com